UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DOMENICA ZIVIS,**<br><br>                    Plaintiff,<br><br>    -vs-<br><br>**NATIONAL ACTION FINANCIAL SERVICES, INC.,**<br><br>                    Defendant. | *Civil Action No.* _____ |

## COMPLAINT & DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff Domenica Zivis brings this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") and the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### JURISDICTION & VENUE

2. Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C.§ 1331, and/or 28 U.S.C.§ 1337.

3. Venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendant transacts business here and the conduct complained of occurred here.

4. The Plaintiff's cause of action under the TCPA are predicated upon the same facts and circumstances that give rise to her federal cause of action under the FDCPA. As such, this Court has supplemental jurisdiction over the Plaintiff's TCPA cause of action pursuant to 28 U.S.C. §1367.

### PARTIES

5. Plaintiff Domenica Zivis is a natural person residing in the County of Niagara and the State of New York.

6. Defendant National Action Financial Services, Inc., (hereinafter "NAFS") is a foreign business corporation organized and existing under the laws of the State of Georgia and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

1

7. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

8. That at all times relevant herein, Plaintiff was and is a "person" as defined by 47 U.S.C.§153(32).

9. That Defendant, at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

10. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

11. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by 47 U.S.C.§153(22).

12. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by 47 U.S.C.§153(43).

13. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by TCPA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

14. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

15. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

## FACTUAL ALLEGATIONS

16. That Plaintiff Domenica Zivis has never defaulted nor otherwise become delinquent on a personal debt owed to any creditors.

17. That despite the fact that Plaintiff has not defaulted on any personal debts, she began receiving repeated prerecorded debt collection calls on her cellular telephone from Defendant NAFS.

18. That upon information and belief, the subject debt for which Defendant NAFS began contacting Plaintiff Zivis, was a debt that arose from another consumer's obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

19. That over the course of several months, Defendant NAFS made approximately forty (40) telephone calls to Plaintiff Zivis' cellular telephone, wherein Defendant would leave a prerecorded voice message.

20. That, in relevant part, the aforesaid prerecorded messages from NAFS would indicate that Defendant was a debt collections agency and thereafter state, "We've made numerous attempts to contact you in the past but we do have a few options left at this juncture. To have the opportunity to use one of these options please make the decision to return our telephone call today."

21. That the aforesaid prerecorded messages were often repeatedly left in the voicemail of Plaintiff Zivis' cellular telephone, despite the fact that said voicemail clearly identified that it belonged to "Domenica Zivis."

22. That upon realizing that Defendant had been repeatedly calling his mother with the aforementioned messages, Plaintiff's son, Frank Zivis, called and attempted to notify Defendant NAFS that such calls were upsetting his elderly mother and should be stopped. However, upon dialing the telephone number left by the Defendant in its messages, an automated answering service would simply place him on hold and thereafter terminate the call after several moments of waiting on the line.

23. That Mr. Zivis was finally able to reach a live person for Defendant NAFS in or about October of 2009. During said telephone conversation, Defendant's representative asked for the telephone number being called and upon conducting a search in NAFS's computer database notified Mr. Zivis that his mother's cellular telephone number would no longer be called.

24. That Defendant NAFS knowingly and willfully violated Plaintiff's consumer rights under the TCPA, since it continued to make the aforementioned prerecorded calls to her cellular telephone despite being placed on notice each and every time a message was left that the telephone number being called belonged to "Domenica Zivis" (i.e. not the intended person).

25. That as described in paragraph 22 above, Defendant NAFS did not/does not possess and/or maintain reasonable procedures to ensure that erroneously placed debt collection calls did not/do not persist.

26. That because Defendant NAFS had no legal basis for placing such automated calls to Plaintiff Zivis' cellular telephone, and because such telephone calls persisted for approximately five (5) consecutive months, Defendant NAFS has violated Plaintiff Zivis' consumer rights under both the FDCPA and TCPA.

27. That as a result of Defendant NAFS's repeated unlawful prerecorded telephone calls, Plaintiff Zivis felt harassed and that her privacy rights were being violated, and as such is entitled to recover statutory damages and actual damages as set forth under the FDCPA and the TCPA.

## PLAINTIFF'S FIRST COUNT
[FAIR DEBT COLLECTION PRACTICES ACT]

28. The aforementioned acts and omissions of the Defendant have violated the Fair Debt Collection Practices Act, as follows:

29. That Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(5) and 15 U.S.C. §1692f(5) by repeatedly causing Plaintiff's cellular telephone to ring with the intent to annoy, abuse and harass, despite the fact that Defendant had no legal or practical basis for placing such calls and was otherwise repeatedly placed on notice that they were contacting the wrong party every time they left a message in Plaintiff's voicemail.

30. That as a result, Plaintiff Domenica Zivis became extremely frustrated, aggravated, upset, angered, anxious and otherwise suffered from emotional distress.

## PLAINTIFF'S SECOND COUNT
[TELEPHONE CONSUMER PROTECTION ACT]

31. The aforementioned acts and omissions of the Defendant have violated the Telephone Consumer Protection Act of 1991, as follows:

32. Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to the Plaintiff's cellular telephone using an artificial and/or prerecorded voice to deliver messages without having a lawful basis and/or the consent of Plaintiff to leave such messages.

33. The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, justification or excuse.

34. The acts and/or omissions of Defendant at all times material and relevant hereto were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

35. As a causally-direct and legally proximate result of the above violations of the TCPA, Defendant at all times material and relevant hereto caused Plaintiff Zivis to sustain damages as a result of their repeated telephone calls that harassed, annoyed and abused Plaintiff, and disturbed her peace and tranquility at home and elsewhere.

36. As a causally-direct and legally proximate result of the above violations of the TCPA, Defendant at all times material and relevant hereto caused Plaintiff to sustain damages and experience emotional distress.

37. As a causally-direct and legally proximate result of the above violations of the TCPA, Defendant at all times material and relevant hereto is liable for actual damages, statutory damages, treble damages, as well as costs and reasonable attorneys' fees.

38. Plaintiff Zivis received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling her to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

39. Because Plaintiff received approximately forty (40) prerecorded telephone calls to her cellular telephone, she is entitled to recover, at a minimum, statutory damages amount of Twenty Thousand Dollars and No Cents ($20,000.00).

40. Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly, which is evidenced clearly by the fact that Defendant left said messages in spite of the fact that Plaintiff's cellular telephone voicemail clearly identified the called number as belonging to "Domenica Zivis," thereby entitling Plaintiff to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3), totaling Sixty Thousand Dollars and No Cents ($60,000.00).

**WHEREFORE**, Plaintiff Domenica Zivis respectfully requests that judgment be entered against Defendant NAFS for:

    (a) Actual damages pursuant to 15 U.S.C. §1692k(a)(1) and 47 U.S.C.§223(b)(3)(B);

    (b) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and 47 U.S.C.§223(b)(3)(B).

    (c) Treble statutory damages pursuant to 47 U.S.C. §227b(3).

    (d) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

    (e) For such other and further relief as may be just and proper.

Date: November 4, 2009

/s/ Frank J. Borgese  
Frank J. Borgese, Esq.  
Graham Law, P.C.  
*Attorneys for Plaintiff Zivis*  
1207 Delaware Ave., Suite 202  
Buffalo, New York 14209